Chief Judge KOZINSKI,
with whom Judge REINHARDT joins,
concurring:
I join Judge Thomas’s opinion because it’s clearly right. I write only to observe that, even after the procedural irregularities that deprived Norse an opportunity to present evidence, it’s clear that the council members aren’t entitled to qualified immunity. In the Age of YouTube, there’s no need to take my word for it: There is a video of the incident that I’m “happy to allow ... to speak for itself.” Scott v. Harris, 550 U.S. 372, 378 n. 5, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); see http:// www.youtube.com/watch?v=ZOssHWB6 WBI (last visited Nov. 16, 2010). This video (also found in the record) clearly shows that Norse’s sieg heil was momentary and casual, causing no disruption whatsoever. It would have remained entirely unnoticed, had a city councilman not interrupted the proceedings to take umbrage and insist that Norse be cast out of the meeting. Councilman Fitzmaurice clearly wants Norse expelled because the “Nazi salute” is “against the dignity of this body and the decorum of this body” and not because of any disruption. But, unlike der Führer, government officials in America occasionally must tolerate offensive or irritating speech. See Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971); Duran v. City of Douglas, Ariz., 904 F.2d 1372, 1378 (9th Cir.1990).
The Supreme Court long ago explained that “in our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression.” Tinker v. Des Moines Ind. Cmty. Sch. Dist., 393 U.S. 503, 508, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Even in a limited public forum like a city council meeting, the First Amendment tightly constrains the government’s power; speakers may be removed only if they are actually disruptive.
We’ve said so twice. In White v. City of Norwalk, 900 F.2d 1421 (9th Cir.1990), we explained that speech must “disrupt[,] disturb[] or otherwise impede[] the orderly conduct of the Council meeting” before the speaker could be removed. Id. at 1426. And in Kindt v. Santa Monica Rent Control Bd., 67 F.3d 266 (9th Cir.1995), we upheld a spectator’s ejection from a public meeting only because he was “disrupting the proceedings by yelling and trying to speak when it was not time for” discussion. Id. at 271. Had he been given a chance, Norse could no doubt have presented lots more evidence that he never disrupted the Santa Cruz council meeting, but what would have been the point? The video speaks for itself: Norse raises his hand in a brief, silent protest of the mayor’s treatment of another speaker. The mayor ignores Norse’s fleeting gesture until Councilman Fitzmaurice throws a hissy fit.
“Listeners’ reaction to speech is not a content-neutral basis for regulation.... Speech cannot be ... punished or banned[ ] simply because it might offend a hostile” member of the Santa Cruz City Council. Forsyth Cnty., Ga. v. Nationalist Movement, 505 U.S. 123, 134-35, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992). The council members should have known that the government may never suppress viewpoints it doesn’t like. See Rosenberger v. Rector & Visitors of the Univ. of Va., 515 U.S. 819, 829, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). Though defendants point to Norse’s reaction to Councilman Fitzmaurice as the “disruption” that warranted carting him off to jail, Norse’s calm assertion of his constitutional rights was not the least bit disruptive. The First Amendment would be meaningless if Councilman Fitzmaurice’s petty pique justified Norse’s arrest and removal.
*980 Even viewing the facts most favorably to the city council members, their behavior amounts to classic viewpoint discrimination for which they’re not entitled to qualified immunity. And that’s what the district court should have held when it set about resolving qualified immunity as a matter of law. If it was going to take it upon itself to grant summary judgment to anyone on that issue, it should have been to Norse. On remand, the district court can set things right by holding, as a matter of law, that the city council members are not entitled to qualified immunity, and proceeding to assess damages.